UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A/ BLUE CROSS AND BLUE SHIELD OF LOUISIANA, and HMO LOUISIANA, INC., on behalf of themselves and all others similarly situated,<br><br>                          Plaintiffs,<br><br>v.<br><br>JANSSEN BIOTECH, INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, and BTG INTERNATIONAL LIMITED,<br><br>                          Defendants. | Case No. 1:19-cv-00474-LMB-JFA |

### AFFIDAVIT OF PAUL MUSSENDEN IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE

I, Paul Mussenden, depose and say:

1. I am a solicitor and an employee of BTG Management Services Limited, which is a wholly owned subsidiary of BTG plc. I currently serve as General Counsel, Head of Strategic Affairs, and Company Secretary for BTG plc. Defendant BTG International Limited ("BTG") is a wholly owned, indirect subsidiary of BTG plc. In my role, I serve as lead counsel for BTG. I currently reside in the United Kingdom. I submit this affidavit upon personal knowledge or information and belief, including inquiry of relevant BTG employees, in support of the motion of Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and BTG (collectively, "Defendants") to transfer this case to the United States District Court for the District of New Jersey.

2. BTG is an international biopharmaceutical company that is organized under the laws of the United Kingdom, with its principal place of business and corporate headquarters at 5 Fleet Place, London, EC4M 7RD United Kingdom.

3. I have reviewed the Complaint filed by Louisiana Health Service & Indemnity Company D/B/A/ Blue Cross and Blue Shield of Louisiana and HMO Louisiana, Inc. on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"). I understand that Plaintiffs allege that Defendants' assertion of United States Patent No. 8,822,438 (the "'438 patent") in infringement litigation in the District of New Jersey violated the antitrust, unfair competition, and consumer protection laws of various states; the common law of unjust enrichment; and Section 2 of the Sherman Act, 15 U.S.C. § 2, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a), 26. *See* Complaint, Dkt. 1 ¶¶ 64-793. In particular, I understand that Plaintiffs allege that the District of New Jersey lawsuit unlawfully delayed the launch of generic versions of ZYTIGA® (abiraterone acetate).

4. While BTG holds rights to the '438 patent, it does not manufacture or sell ZYTIGA® in the United States, or anywhere else.

5. BTG has no offices in Virginia, or anywhere else in the United States. Nor do any BTG employees live or work in Virginia, or anywhere else in the United States.

6. To the best of my knowledge and based on my understanding of the Plaintiffs' claims, to the extent any BTG employees possess knowledge relevant to Plaintiffs' allegations, those individuals are located in the United Kingdom. Similarly, to the extent BTG is in the possession, custody, and control of documents relevant to the Plaintiffs' allegation, those documents are located in the United Kingdom.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Paul Mussenden
Dated: May 22, 2019