# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA, and HMO LOUISIANA, INC., on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br>v.<br><br>JANSSEN BIOTECH, INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, and BTG INTERNATIONAL LIMITED,<br><br>            Defendants. | CIVIL ACTION NO. 1:19-cv-00474 |
| MAYOR AND CITY COUNCIL OF BALTIMORE, on behalf of itself and all others similarly situated,<br><br>            Plaintiffs,<br>v.<br><br>JANSSEN BIOTECH, INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, and BTG INTERNATIONAL LIMITED,<br><br>            Defendants. | CIVIL ACTION NO.: 1:19-cv-00605 |
| IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA and VICINITY) HEALTH BENEFIT PLAN, on behalf of itself and all those similarly situated,<br><br>            Plaintiffs,<br>v.<br><br>JANSSEN BIOTECH, INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, and BTG INTERNATIONAL LIMITED,<br><br>            Defendants. | CIVIL ACTION NO.: 1:19-cv-00642 |

| | |
|---|---|
| KENTUCKY LABORERS DISTRICT COUNCIL HEALTH AND WELFARE FUND, on behalf of itself and all those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>JANSSEN BIOTECH, INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, and BTG INTERNATIONAL LIMITED,<br><br>    Defendants. | CIVIL ACTION NO.: 1:19-cv-00658 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR CONSOLIDATION**

Plaintiffs Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (BCBSLA), HMO Louisiana, Inc. (HMOLA), Mayor and City Council of Baltimore (Baltimore), Iron Workers District Council (Philadelphia and Vicinity) Health Benefit Plan (Iron Workers), and Kentucky Laborers District Council Health and Welfare Fund (Kentucky Laborers), (collectively, the purchasers), on behalf of themselves and the proposed class of purchasers of the drug Zytiga (abiraterone acetate) and its A/B-rated generic equivalent, jointly move this Court to consolidate four related pending actions, and any future related action filed in this district, for all purposes pursuant to Federal Rule of Civil Procedure 42(a).[1]

        **I.**      **BACKGROUND AND PROCEDURAL POSTURE**

On April 18, 2019, BCBSLA and HMOLA filed an action on behalf of themselves and a proposed class of individuals and entities who purchased or provided reimbursement for some or

---

[1] Counsel discussed this motion in advance of its filing, but defense counsel were unable to respond as to their possible unopposed position prior to the motion being filed.

2

all of the purchase price of Zytiga (abiraterone acetate) and its A/B-rated generic equivalents.[2] The complaint alleges that in July 2015, Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and BTG International Limited (collectively, the defendants), engaged in sham patent litigation designed to delay and prevent generic competition. The patent litigation was a sham because, as the PTO initially (and repeatedly) found, the PTAB repeatedly found, and the District of New Jersey found, the patent upon which the defendants relied to block competition beyond December 13, 2016 was so obvious it never should have been granted in the first place. In fact, the patent only issued because, in pressing a "commercial success" argument to overcome the repeated PTO rejections, Janssen failed to highlight a prior "blocking patent" that called its entire commercial success argument into question. In May 2019, the Federal Circuit upheld the PTAB's finding that the patent was obvious.[3] But because of the defendants' filing and pursuit of the July 2015 sham litigation, the purchasers (a) were prevented from purchasing a generic version of Zytiga from *at least* October 2017 (and possibly as early as December 14, 2016) until November 2018 and (b) have been forced to pay substantially higher prices for brand Zytiga since then.

On May 16, 2019, Baltimore filed a similar action, also in this district, naming the same defendants, detailing the same misconduct, and asserting the same causes of action as the BCBSLA/HMOLA complaint.[4] On May 24, 2019, Iron Workers District Council (Philadelphia

---

[2] *Louisiana Health Service & Indemnity Co., v. Janssen Biotech, Inc., et al.,* 19-cv-00474 (E.D. Va. April 18, 2019).

[3] In light of this conclusion, the PTAB did not opine on the alternative grounds for obviousness that the District of New Jersey had found.

[4] *Mayor and City Council of Baltimore v. Janssen Biotech, Inc., et al.*, 19-cv-00605 (E.D. Va. May 16, 2019).

3

and Vicinity) Health Benefit Plan filed a similar complaint.[5] And on May 28, 2019, Kentucky Laborers District Council Health and Welfare Fund did the same.[6] All four pending purchaser actions name the same defendants, detail the same misconduct, and assert the same causes of action.

## II.     CONSOLIDATION OF THE PURCHASER ACTIONS IS PROPER

Federal Rule of Civil Procedure 42(a) permits the consolidation of two or more cases where, as here, the matters involve "a common question of law or fact."[7] In such instances, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.[8] Here, all four actions allege the same facts – that the defendants pursued litigation in which they knew they could not prevail for the purpose of delaying generic competition to Zytiga – and assert the same claims, under the same state and federal laws, on behalf of the same proposed class, and against the same defendants.

"Policies of judicial economy generally favor the consolidation of related actions."[9] Thus, consolidation may be "the most efficient and convenient resolution" when, for example,

---

[5] *Iron Workers District Council (Philadelphia and Vicinity) Health Benefit Plan v. Janssen Biotech, Inc., et al.*, 19-cv-00642 (E.D. Va. May 24, 2019).

[6] *Kentucky Laborers District Council Health and Welfare Fund v. Janssen Biotech, Inc., et al.*, 19-cv-00658 (E.D. Va. May 28, 2019).

[7] Fed. R. Civ. P. 42(a).

[8] *Id.*

[9] *Eldridge v. McCabe, Weisberg & Conway, LLC*, CIV.A. RDB-12-00287, 2012 WL 1416642, at *1 (D. Md. Apr. 23, 2012); *Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (the "substantial overlap" between two related cases required consolidation in "the interests of justice").

4

evidence and witnesses overlap.[10] Whether consolidation is warranted in cases that involve common questions of law or fact is a determination that falls within the discretion of the court.[11]

The Fourth Circuit directs a district court, in deciding a motion under Rule 42(a), to balance "specific risks of prejudice and possible confusion" against practical considerations including the costs and burdens of duplicative litigation on all involved: the court, the parties, and the witnesses.[12] Given the four cases' common questions of law and fact – they involve the same allegations of sham litigation against the same parties – there is no risk of prejudice or confusion by consolidating the cases into a single action. Indeed, consolidation will avoid duplicative motions and briefing, and permit efficiency and consistency in the prosecution of the cases.

To best accomplish this, all pleadings relating to the Zytiga purchaser class actions should bear the caption outlined in the accompanying proposed order, note that they are related to "All Zytiga Purchaser Class Actions," and be filed in Docket 19-cv-00474. Any new filings in, or transferred to, this Court that purport to be brought on behalf of a class of Zytiga purchasers should be deemed consolidated unless an objection is filed within fourteen (14) days of the transfer or filing and the objection is sustained.

---

[10] *See Saudi Basic Indus. Corp. v. Exxonmobil Corp.*, 194 F. Supp. 2d 378 (D.N.J. 2002) vacated on other grounds by *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 364 F.3d 102 (3d Cir. 2004).

[11] *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under Fed. R. Civ. P. 42(a) to consolidate causes pending in the same district."); *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982) (same); *Good v. Am. Water Works Co., Inc.*, CIV.A. 2:14-01374, 2014 WL 2481821, at *2 (S.D.W. Va. June 3, 2014) (same).

[12] *See Arnold v. E. Air Lines*, 681 F.2d 186, 193 (4th Cir. 1982).

Accordingly, the purchasers request consolidation of the related actions in accordance with the proposed order. If the Court grants the motion to consolidate, the purchasers also request this Court's approval to file a single, consolidated class action complaint on behalf of the purchasers and the proposed class as a means of streamlining the proceedings – and are prepared to file the consolidated class action complaint immediately.

### III.   CONCLUSION

For these reasons, and as set forth in the accompanying Proposed Order, the purchasers respectfully request that this Court order the consolidation of these cases for all purposes and permit the filing of a consolidated class action complaint.

Dated: May 31, 2019

Respectfully submitted,

/s/William H. Monroe, Jr.
William H. Monroe, Jr. (VSB No. 27441)
Marc C. Greco (VSB No. 41496)
Kip A. Harbison (VSB No. 38648)
Michael A. Glasser (VSB No. 17651)
William D. Moore, III (VSB No. 77097)
Anders T. Sleight (VSB No. 84458)
GLASSER AND GLASSER, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, VA 23510
Telephone: (757) 625-6787
Facsimile: (757) 625-5959
bill@glasserlaw.com
marcg@glasserlaw.com
kip@glasserlaw.com
michael@glasserlaw.com
wmoore@glasserlaw.com
asleight@glasserlaw.com

*Local Counsel for Plaintiffs Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, HMO Louisiana, Inc. and the Proposed Class*

Thomas M. Sobol

Lauren G. Barnes
Gregory T. Arnold
Bradley J. Vettraino
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
lauren@hbsslaw.com
grega@hbsslaw.com
bradleyv@hbsslaw.com

James R. Dugan II (*pro hac vice* forthcoming)
David S. Scalia (*pro hac vice* forthcoming)
THE DUGAN LAW FIRM, LLC
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181
jdugan@dugan-lawfirm.com
dscalia@dugan-lawfirm.com

*Counsel for Plaintiffs Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, HMO Louisiana, Inc. and the Proposed Class*

Allison N. Pham
Jessica Chapman
Charles A. O'Brien
LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA
5525 Reitz Avenue
P.O. Box 98029
Baton Rouge, LA 70809
Telephone: (225) 295-2199
Facsimile: (225) 297-2760

*Counsel for Plaintiffs Louisiana Health Service & Indemnity Company d/b/a Blue*

7

*Cross and Blue Shield of Louisiana, HMO Louisiana, Inc.*

Sharon K. Robertson (*pro hac vice* forthcoming)
Donna M. Evans (*pro hac vice* forthcoming)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
srobertson@cohenmilstein.com
devans@ cohenmilstein.com

Christopher J. Cormier (*pro hac vice* forthcoming)
BURNS CHAREST LLP
5290 Denver Tech Center Pkwy., Suite 150
Greenwood Village, Colorado 80111
Telephone: (720) 630-2092
ccormier@burnscharest.com

Warren T. Burns (*pro hac vice* forthcoming)
Spencer Cox
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75201
Telephone: (469) 904-4550
wburns@burnscharest.com
scox@burnscharest.com

Amanda Klevorn (*pro hac vice* forthcoming)
BURNS CHAREST LLP
65 Canal Street, Suite 1170
New Orleans, Louisiana 70130
Telephone: (504) 799-2845
lwright@burnscharest.com

*Counsel for Plaintiff the Mayor and City Council of Baltimore and the Proposed Class*

Andre M. Davis (*Pro hac vice* forthcoming)
Suzanne Sangree (*Pro hac vice* forthcoming)
City of Baltimore Department of Law
City Hall, Room 109
100 N. Holiday Street

Baltimore, MD 21202
Telephone: (443) 388-2190
Andre.Davis@baltimorecity.gov
Suzanne.Sangree2@baltimorecity.gov

*Counsel for Plaintiff the Mayor and City Council of Baltimore*


Joseph H. Meltzer
Terence S. Ziegler
Donna Siegel Moffa
KESSLER TOPAZ MELTZER & CHECK LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmeltzer@ktmc.com
tziegler@ktmc.com
dmoffa@ktmc.com

*Counsel for Plaintiff Iron Workers District Council (Philadelphia and Vicinity) Health Benefit Plan and the Proposed Class*


Joe P. Leniski, Jr.
J. Gerard Stranch, IV
James G. Stranch, III
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
joeyl@bsjfirm.com
gerards@bsjfirm.com
jims@bsjfirm.com
\**Pro hac vice* motions pending

*Counsel for Plaintiff Kentucky Laborers District Council Health and Welfare Fund and the Proposed Class*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record who have made a formal appearance.

Dated: May 31, 2019               **/s/ William H. Monroe, Jr.**
                                  William H. Monroe, Jr. (VSB No. 27441)