**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA, and HMO LOUISIANA, INC., on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:19-cv-00474 |
| JANSSEN BIOTECH, INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, and BTG INTERNATIONAL LIMITED, | |
| Defendants | |
| MAYOR AND CITY COUNCIL OF BALTIMORE, on behalf of itself and all others similarly situated, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO.: 1:19-cv-00605 |
| JANSSEN BIOTECH, INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, and BTG INTERNATIONAL LIMITED, | |
| Defendants | |
| IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA and VICINITY) HEALTH BENEFIT PLAN, on behalf of itself and all those similarly situated, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO.: 1:19-cv-00642 |
| JANSSEN BIOTECH, INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, and BTG INTERNATIONAL LIMITED, | |
| Defendants. | |

1

KENTUCKY LABORERS DISTRICT COUNCIL
HEALTH AND WELFARE FUND, on behalf of itself
and all those similarly situated,

      Plaintiffs,

                 v.

JANSSEN BIOTECH, INC., JANSSEN ONCOLOGY,
INC., JANSSEN RESEARCH & DEVELOPMENT,
LLC, and BTG INTERNATIONAL LIMITED,

      Defendants

CIVIL ACTION NO.: 1:19-cv-00658

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## MOTION FOR APPOINTMENT OF INTERIM COUNSEL FOR
## THE PROPOSED CLASS

Plaintiffs Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (BCBSLA), HMO Louisiana, Inc. (HMOLA), Mayor and City Council of Baltimore (Baltimore), Iron Workers District Council (Philadelphia and Vicinity) Health Benefit Plan (Iron Workers), and Kentucky Laborers District Council Health and Welfare Fund (Kentucky Laborers), (collectively, the purchasers), on behalf of themselves and the proposed class of purchasers of the drug Zytiga (abiraterone acetate) and its A/B-rated generic equivalent, jointly move this Court pursuant to Rule 23(g)(1) and (3), the appointment of interim co-lead counsel for the proposed class.

## I.      BACKGROUND

On April 18, 2019, BCBSLA and HMOLA filed an action on behalf of themselves and a proposed class of individuals and entities who purchased or provided reimbursement for some or all of the purchase price of Zytiga (abiraterone acetate) and its A/B-rated generic equivalents.[1]

---

[1] *Louisiana Health Service & Indemnity Co., v. Janssen Biotech, Inc., et al.,* 19-cv-00474 (E.D. Va. April 18, 2019).

The complaint alleges that Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and BTG International Limited (collectively, the defendants) engaged in sham patent litigation designed to delay and prevent generic competition. As a result of that sham litigation, purchasers (a) were prevented from purchasing a generic version of Zytiga from at least October 2017 (and potentially as early as December 2016) until November 2018 and (b) have been forced to pay substantially higher prices for brand Zytiga.

On May 16, 2019, Baltimore filed a similar action, also in this district.[2] The Baltimore action names the same defendants, details the same misconduct, and asserts the same causes of action as the BCBSLA/HMOLA complaint. On May 24, 2019, Iron Workers,[3] and on May 28, 2019 Kentucky Laborers, did the same.[4]

## II.      APPOINTMENT OF INTERIM LEAD COUNSEL IS APPROPRIATE

The purchasers propose that Thomas Sobol and Lauren Barnes of Hagens Berman Sobol Shapiro LLP, James Dugan of The Dugan Law Firm, Sharon Robertson of Cohen Milstein Sellers & Toll PLLC, Joseph Meltzer of Kessler Topaz Meltzer & Check, LLP, and Joe Leniski of Branstetter, Stranch & Jennings, PLLC, each be appointed as co-lead counsel for the proposed class.[5] The purchasers further propose that Thomas Sobol and Lauren Barnes of Hagens Berman

---

[2] *Mayor and City Council of Baltimore v. Janssen Biotech, Inc., et al.*, 19-cv-00605 (E.D. Va. May 16, 2019).

[3] *Iron Workers District Council (Philadelphia and Vicinity) Health Benefit Plan v. Janssen Biotech, Inc., et al.*, 19-cv-00642 (E.D. Va. May 24, 2019).

[4] *Kentucky Laborers District Council Health and Welfare Fund v. Janssen Biotech, Inc., et al.*, 19-cv-00658 (E.D. Va. May 28, 2019).

[5] Lead plaintiffs may retain multiple firms as co-lead counsel. *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005); *see also In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186-87 (S.D.N.Y. 2008) (recognizing that appointment of multiple firms as class counsel is appropriate where those firms have expended time and resources identifying and investigating the alleged violations and the class litigation would benefit from the collective resources of those firms).

Sobol Shapiro LLP and Sharon Robertson of Cohen Milstein Sellers & Toll PLLC be appointed as co-chairs of the co-lead counsel committee.

Appointment of co-lead counsel accords with Federal Rule of Civil Procedure 23(g) and the *Manual for Complex Litigation (Fourth)* (the Manual), facilitates the orderly advancement of the litigation, and results in a substantial time savings for the parties and the Court.[6]

The Manual recommends that the court select and authorize one or more attorneys or firms to act on behalf of other counsel and their clients early in complex litigation.[7] Counsel so designated "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel."[8] Appointing interim class counsel at this juncture will permit these cases to move forward expeditiously, avoid duplicative work on behalf of the proposed class, and clarify plaintiffs' counsel with whom the defendants need to confer.[9]

According to the Manual, "[f]ew decisions by the court in complex litigation are as difficult and sensitive as the appointment of designated counsel."[10] Lead counsel is charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues.[11] And lead counsel may task sub-committees with preparing briefs or

---

[6] *See* Manual §§ 10.22, 10.221; *cf. In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644, 653 (E.D. Pa. 2003) ("[t]he multiplicity of suits requires that the district court be allowed to combine procedures, appoint lead counsel, recognize steering committees of lawyers, limit and manage discovery, etc. to minimize expense to all litigants and to provide judicial efficiency") (quotation omitted).

[7] Manual for Complex Civil Litigation, § 10.22 (4th ed. 2009).

[8] *Id.*

[9] *Id.*

[10] Manual § 10.224 (court's responsibilities regarding role of counsel).

[11] Manual § 10.221 (organizational structures).

conducting discovery, but should try to avoid unnecessary duplication of efforts and control fees and expenses.[12]

The most common means of selecting class counsel is the so-called "private ordering" approach, whereby involved counsel jointly come to a representational consensus and submit their recommendation for approval.[13] Courts encourage the private ordering process of co-lead counsel selection, particularly where, as here, the litigation will require substantial work by plaintiffs' counsel and significant resources to finance the expenses of the litigation.[14]

Because the responsibilities of interim class counsel mirror those of class counsel (appointed after the class has been certified), courts consider the same factors enumerated in Rule 23(g)(1)(A) in selecting interim class counsel.[15] The Federal Rules of Civil Procedure instruct courts to consider the following when appointing class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.[16]

---

[12] *Id.*

[13] *See* Manual § 21.272 ("The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests.").

[14] *See id.* at § 10.22.

[15] *Hodges v. Bon Secours Health Sys.*, Nos. 1:16-cv-1079-RBD, 1:16-cv-1150-RBD, 2016 WL 4447047, at *1 (D. Md. Aug. 24, 2016).

[16] Fed. R. Civ. P. 23(g)(1)(A).

The court may also consider any other matter "pertinent to counsel's ability to fairly and adequately represent the interests of the class"[17] Of course, at bottom, the Court must conclude "[c]lass counsel [will] fairly and adequately represent the interests of the class."[18]

The proposed co-lead counsel satisfy the applicable criteria for serving as counsel for the proposed class. Each of the proposed co-lead counsel firms has worked to identify and investigate the potential claims; is experienced in handling complex class actions and antitrust litigation, particularly pharmaceutical antitrust litigation; possesses in-depth knowledge of the applicable law; and has adequate resources to commit to representing the proposed class.[19]

The firms are all experienced antitrust class action firms, have worked collegially and collaboratively on many similar antitrust cases, and have substantial experience working in a wide range of complex antitrust matters. As described in the firm resumes attached as Exhibits A, B, C, D, and E, attorneys at these firms have decades of experience litigating some of the nation's most complicated antitrust class actions and have successfully recovered billions of dollars in damages for class members. The firms have the resources necessary to prosecute this action and will devote those resources to the prosecution of this action in the best interest of the class.

## A.    Hagens Berman Sobol Shapiro LLP

Hagens Berman Sobol Shapiro LLP (HBSS) has extensive experience in pharmaceutical antitrust litigation. HBSS specializes in the representation of plaintiffs in class actions and multi-party, large-scale complex litigation, and is regularly listed in the *National Law Journal's*

---

[17] Fed. R. Civ. P. 23(g)(1)(B).

[18] Fed. R. Civ. P. 23(g)(2) and (4).

[19] *See* Fed. R. Civ. P. 23(g)(1).

Plaintiffs' Hot List. The firm's Boston office leads HBSS's drug litigation efforts and has significant experience representing purchasers in pharmaceutical antitrust actions.[20] Thomas M. Sobol is the Managing Partner of the firm's Boston office, with thirty-five years of experience in complex civil litigation. Lauren Barnes is a partner with sixteen years of experience in pharmaceutical fraud and pricing litigation. They, along with Gregory Arnold (Of Counsel), will be primarily responsible for HBSS' participation in this matter.

Members of the HBSS's Boston office have been appointed lead, co-lead, or liaison counsel in numerous pharmaceutical antitrust litigation matters, including:

- *In re Ranbaxy Generic Drug Application Antitrust Litig.*, No. 19-md-2878 (D. Mass.);

- *Mayor and City Council of Baltimore v. Actelion Pharmaceuticals Ltd.*, No. 18-cv-03560 (D. Md.);

- *In re Celebrex (Celecoxib) Antitrust Litig.*, No. 14-cv-00361 (E.D. Va.);

- *In re Asacol Antitrust Litig.*, No. 16-cv-11498 (D. Mass.);

- *In re Aggrenox Antitrust Litig.*, No. 14-md-2516 (D. Conn.);

- *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 14-md-02503 (D. Mass.);

- *In re Lidoderm Antitrust Litig.*, 14-md-2521 (N.D. Cal.);

- *In re Loestrin 24 FE Antitrust Litig.*, 13-md-2472 (D.R.I.);

- *In re Niaspan Antitrust Litig.*, No. 13-md-2460 (E.D. Pa.);

- *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-02409 (D. Mass.);

- *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 12-md-2343 (E.D. Tenn.);

- *In re Effexor XR Antitrust Litig.*, No. 3:11-cv-05479 (D.N.J.);

- *In re Lipitor Antitrust Litig.*, MDL No. 2332 (D.N.J.);

---

[20] Additional information on HBSS, its lawyers, and its experience can be found in the attached Exhibit A and at www.hbsslaw.com.

- *In re Prograf Antitrust Litig.,* MDL No. 2242 (D. Mass.);

- *In re Prandin Direct Purchaser Antitrust Litig.*, No. 10-cv-12141 (E.D. Mich.);

- *In re Flonase Antitrust Litig.*, No. 08-cv-3149 (E.D. Pa.);

- *In re Wellbutrin XL Antitrust Litig.*, No. 08-cv-02431 (E.D. Pa.);

- *In re OxyContin Antitrust Litig.*, MDL No. 1603 (S.D.N.Y.);

- *In re Metoprolol Succinate Direct Purchaser Antitrust Litig.*, No. 06-cv-52 (D. Del.);

- *In re Tricor Indirect Purchasers Antitrust Litig.*, No. 05-cv-0360 (D. Del.);

- *In re Neurontin Antitrust Litig.*, MDL No.1479 (D.N.J.);

- *In re Paxil Direct Purchaser Litig.*, No. 03-cv-4578 (E.D. Pa.);

- *In re Augmentin Antitrust Litig.*, No. 02-cv-442 (E.D. Va.); and

- *In re Relafen Antitrust Litig.,* No. 01-cv-12239 (D. Mass.).

In addition, reflecting HBSS's broad experience in pharmaceutical industry litigation generally, HBSS has also been appointed lead or co-lead counsel in many pharmaceutical industry pricing and marketing actions, including:

- *In re New England Compounding Pharmacy, Inc. Products Liability Litig.*, MDL No. 2419 (D. Mass.) (fungal meningitis outbreak; as co-lead counsel, helped achieve nearly $200 million settlement for tort victims);

- *New England Carpenters Health Benefits Fund v. First DataBank, Inc. and McKesson Corp.*, No. 05-cv-11148 (D. Mass.) (AWP manipulation action resulting in $350 million settlement for consumers and third party payors as well as significant national changes to brand name drug pricing, including a rollback of benchmark prices for more than 400 of the most widely used drugs);

- *In re Bextra and Celebrex Marketing Sales Practices and Product Liability Litig.*, MDL No. 1699 (N.D. Ca.) ($89 million settlement for consumers and third party payors);

- *Kaiser Foundation Health Plan, et al v. Pfizer, Inc., et al*, No. 04-cv-10739 (D. Mass.) (Neurontin promotion action resulting in trebled jury verdict of $142 million for a single third party payor);

- *In re Vioxx Products Liability Litig.*, MDL No.1657 (E.D. La.) ($80 million settlement for resolution of some third party payor claims);

- *In re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litig.*, MDL No. 193 (D.N.J.) ($41.5 million settlement for consumers and third party payors);

- *Government Employees Hospital Association v. Serono,* No. 05-cv-11953 (D. Mass.) (Serostim promotion action resulting in $24 million settlement for consumers and third party payors);

- *In re Pharmaceutical Industry Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.) (AWP manipulation action resulting in $360 million in settlements for consumers and third party payors as well as injunctive relief that re-shaped United States drug pricing); and

- *In re Lupron Marketing and Sales Practices Litig.*, MDL No. 1430 (D. Mass.) ($150 million settlement for consumers and third party payors).

**B.    The Dugan Law Firm**

The Dugan Law Firm has years of experience in complex litigation with an extensive record in serving as lead, co-lead, executive committee, and related counsel in pharmaceutical litigation including pharmaceutical antitrust litigation. James R. Dugan, II, the firm's head, is currently serving on the Plaintiffs' Steering Committee in *In Re: Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 16-md-2724 (E.D. Pa.) before Judge Cynthia Rufe, as co-lead in *In Re: Ranbaxy Generic Drug Application Antitrust Litigation,* No. 19-md-2878 (D. Mass.) before Judge Nathaniel Gorton, and as a member of the Plaintiffs' Executive Committee in *In Re: National Prescription Opiate Litigation*, No. 17-md-02804 (N.D. Ohio) before Judge Dan Aaron Polster. Mr. Dugan was also appointed to the Plaintiffs' Executive Committee for Indirect Purchasers in *In Re: Nexium (Esomeprazole) Antitrust Litigation*, No. 12-md-02409 (D. Mass) before Judge William Young.

James Dugan has been appointed to leadership roles in numerous other pharmaceutical, antitrust, and complex litigation matters, including:

- *In Re: Synthroid Marketing Litigation*, (MDL No. 1182) (1997-2004) USDC for the Northern District of Illinois, Eastern Division, Judge Elaine E. Bucklo. Co-Lead Counsel for a class of third party-payors. Settlement: $45,000,000.00

- *In Re: Diet Drugs Litigation*, (MDL No. 1203) (1997-2002) USDC for the Eastern District of Pennsylvania, Judge Lewis C. Bechtle. Co-Lead Counsel for a large group of individually represented third-party payors. Settlement: $35,000,000.00

- *In Re: Propulsid Litigation*, (MDL No. 1355) (2000-2013) USDC for the Eastern District of Louisiana, Judge Eldon Fallon. Member: Plaintiffs' Steering Committee. Settlement: $90,000,000.00

- *In Re: Rezulin Products Liability Litigation*, (MDL No. 1348) (2000-2008) USDC for the Southern District of New York, Judge Lewis A. Kaplan. Mr. Dugan was appointed by the court as Liaison Counsel to a class of Health Benefit Providers. Settlement: $22,500,000.00

- *In Re: Baycol Products Liability Litigation*, (MDL No. 1431) (2001-2007) USDC for the District of Minnesota, Judge Michael Davis. Member: Plaintiffs' Steering Committee. Settlement: 1,000,000,000.00

- *In Re: Meridia Products Liability Litigation*, (MDL No. 1481) (2002-2006) USDC for the Northern District of Ohio, Judge James S. Gwin. Member: Plaintiffs' Steering Committee.

- *In Re: Serzone Products Liability Litigation*, (MDL No. 1477) (2002-2007) USDC for the Southern District of West Virginia, Judge Joseph R. Goodwin. Member: Plaintiffs' Steering Committee. Settlement: $90,000,000.00

- *In Re: Neurontin Marketing & Sales Practices Litigation*, (MDL No. 1629) (2004-2014) USDC for the District of Massachusetts, Judge Patti B. Saris. Member: Plaintiffs' Steering Committee. Settlement: $325,000,000.00

- *In Re: Vioxx Products Liability Litigation*, (MDL No. 1657) (2005-2018) USDC for the Eastern District of Louisiana, Judge Fallon, Magistrate Judge Knowles. Member: Co-Chair Purchase Claims Committee. Settlement: $80,000,000.00

- *In Re: Zyprexa Marketing and Sales Practices Litigation, (MDL No. 1596)* (2005-2012) USDC for the Eastern District of New York, Judge Weinstein and Magistrate Judge Chrein. Member: Co-Lead Counsel for the Purchase Claims. Settlement: $4,500,000.00

- *In Re: Bextra and Celebrex Marketing and Sales Practices and Products Liability Litigation*, (MDL No. 1699) (2006-2010) USDC for the Northern District of California, Judge Breyer. Member: Purchase Claims Committee. Settlement: $89,000,000.00

- *In Re: Fosamax Product Liability Litigation,* (MDL No. 1789) (2006-2018) USDC for the Southern District of New York, Judge Keenan. Member: Plaintiffs' Steering Committee.

- *In Re: Oxycontin Marketing and Sales Practices Litigation* (2007-2009) USDC for the Southern District of New York, Judge Koel. Co-lead counsel for third-party payors. Settlement: $20,000,000.00

- *In Re: Ketek Marketing and Sales Practices Litigation* (2008-2014) USDC for the Eastern District of New York, Judge Townes. Co-lead Counsel for third-party payors.

- *In Re: Vytorin Marketing, Sales Practice, and Products Liability*, (MDL No. 1938) (2008-2010) USDC for the District of New Jersey, Judge Dennis M. Cavanaugh. Member: Plaintiffs' Steering Committee. Settlement: $45,000,000.00

- *In Re: Actimmune Product Liability Litigation*, (08-CV-3797-MHP) (2009-2012) USDC for the Northern District of California, Judge Marilyn H. Patel. Member: Plaintiffs' Steering Committee.

- *In Re: Fosamax Femur Litigation*, (MDL No. 2243) (2011–Present) USDC for the District of New Jersey, Judge Joel A. Pisano. Member: Plaintiffs' Steering Committee.

- *In re: Avandia Marketing and Sales Practices Litigation* (MDL No. 1871) (2009-Present) USDC for the Eastern District of Pennsylvania, Judge Cynthia M. Rufe. Member: Co-Lead Counsel for Plaintiffs' Third-Party Payors.

- *In Re: Effexor Antitrust Litigation* (11-CV-05590) (2011-Present) USDC for the District of New Jersey, Judge Joel A. Pisano. Member: Executive Committee for Indirect Purchasers.

- *In Re: Prograf Antitrust Litigation*, (MDL No. 2242) (2011-Present) USDC for District of Massachusetts, Judge Rya W. Zobel. Member: Co-Lead Counsel for Indirect Purchasers. Settlement: $13,000,000.00

- *In Re: Skelaxin (Metaxalone) Antitrust Litigation*, (MDL No. 2343) (2012-2015), USDC for the Eastern District of Tennessee, Judge Curtis L. Collier. Member: Plaintiffs' Executive Committee for Indirect Purchasers. Settlement: $4,000,000.00

- *In Re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, (MDL No. 2385) (2012-2014), USDC for Southern District of Illinois, Judge David R. Herndon. Member: Plaintiffs' Steering Committee. Settlement: $650,000,000.00

- *In Re: Nexium (Esomeprazole) Antitrust Litigation*, (MDL No. 2409) (2012-2015), USDC for the District of Massachusetts, Judge William G. Young. Member: Plaintiffs' Executive Committee for Indirect Purchasers.

- *In Re: Fresenius Granuflo/Naturallte Dialysate Products Liability Litigation,* (MDL No. 2428 (2013-Present) USDC for the District of Massachusetts, Judge Douglas P. Woodlock. Member: Plaintiffs' Steering Committee. Settlement: $250,000.00

- *In Re: Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation,* (MDL No. 2445) (2013–Present), USDC for the Eastern District of Pennsylvania, Judge Mitchell S. Goldberg. Member: Plaintiffs' Executive Committee for Indirect Purchasers.

- *In Re: Niaspan Antitrust Litigation*, (MDL No. 2460) (2013-Present). USDC for the Eastern District of Pennsylvania, Judge Jan E. DuBois. Member: Plaintiffs' Executive Committee for Indirect Purchasers.

- *In Re: Lidoderm Antitrust Litigation*, (MDL No. 2521) (2014-Present). USDC for the Northern District of California, Judge William H. Orrick. Member: Plaintiffs' Executive Committee for Indirect Purchasers. Settlement: $105,000,000.00

In all of these cases in which Mr. Dugan and the Dugan Law Firm have served in leadership roles, they have contributed significantly to the prosecution of the case by, for example, writing and arguing dispositive motions and briefs, taking and defending the depositions of key fact and expert witnesses, and/or successfully negotiating multi-million dollar settlements for the benefit of class members.[21]

## C.     Cohen Milstein Sellers & Toll, PLLC

Cohen Milstein Sellers & Toll PLLC has extensive experience in class action cases, including pharmaceutical antitrust cases. Sharon K. Robertson spearheads Cohen Milstein's pharmaceutical antitrust cases. While Ms. Robertson has the support of experienced colleagues and substantial resources of Cohen Milstein, she would be the attorney primarily responsible for Cohen Milstein's efforts.

Ms. Robertson has been recognized by Law360 as one of only a few female antitrust litigators to secure leadership roles in high-profile MDLs. With Ms. Robertson at the helm,

---

[21] Additional cases in which Mr. Dugan has served in similar leadership roles are listed on his resume attached hereto as Exhibit B.

Cohen Milstein has been appointed lead or co-lead counsel in numerous pharmaceutical antitrust cases, including:[22]

- *Mayor and City Council of Baltimore v. Actelion Pharmaceuticals Ltd.*, (D. Md.);

- *In re Loestrin 24 Fe Antitrust Litig.* (D. R.I.);

- *In re Lipitor Antitrust Litig.* (D. N.J.);

- *In re Lidoderm Antitrust Litig.* (N.D. Cal.); and

- *In re Nexium (Esomeprazole) Antitrust Litig.* (D. Mass.).

Cohen Milstein has been appointed to the executive committee in:

- *In re Aggrenox Antitrust Litig.* (D. Conn.);

- *In re Suboxone Antirust Litig.* (E.D. Pa.);

- *In re Niaspan Antitrust Litig.* (E.D. Pa.);

- *In re Actos Antitrust Litig.* (S.D.N.Y.); and

- *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.* (D. Mass.).

Ms. Robertson also serves or served as counsel in:

- *In re Intuniv Antitrust Litig.* (D. Mass.);

- *In re Generic Pharm. Pricing Antitrust Litig.* (E.D. Pa.);

- *In re Zetia (Ezetimibe) Antitrust Litig.* (E.D. Va.);

- *In re Celebrex (Celecoxib) Antitrust Litig.* (E.D. Va.);

- *Meijer et al. v. Ranbaxy et al.* (D. Mass.); and

- *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.* (E.D. Pa.).

---

[22] Additional information on Cohen Milstein and cases in which Ms. Robertson has served in similar leadership roles are listed on her resume attached hereto as Exhibit C.

Ms. Robertson also has substantial antitrust experience outside the pharmaceutical context in matters for which Cohen Milstein has been appointed trial counsel or co-lead counsel, including:

- *In re Blood Reagents Antitrust Litig.* (E.D. Pa.);

- *Fleischman et al. v. Albany Medical Center et al.* (N.D.N.Y.); and

- *In re Urethane Antitrust Litig.* (D. Kan.).

In addition to leading complex MDLs, Sharon Robertson is an accomplished trial lawyer. She served as a trial team member in two of the largest antitrust cases tried to verdict, *In re Urethane Antitrust Litigation*, where the jury returned a $400 million verdict which was trebled by the court to $1.06 billion, resulting in the largest price-fixing verdict in U.S. history, and *In re Nexium Antitrust Litigation*, the first pharmaceutical antitrust case to go to trial following the Supreme Court's landmark decision in *FTC v. Actavis*.[23]

**D.      Kessler Topaz Meltzer & Check, LLP**

Kessler Topaz (KTMC) is one of the nation's largest firms specializing in the prosecution of complex class action litigation. Since its founding, the firm has developed a reputation for excellence in litigating complex cases, including in pharmaceutical antitrust actions, and has recovered billions of dollars on behalf of the clients and classes it represents. As the firm's resume reflects, Kessler Topaz has successfully prosecuted (and is currently prosecuting) some of the largest and most complex class actions in U.S. history.[24]

KTMC has ample resources necessary to litigate any complex case with nearly 100 attorneys, an in-house investigative department, experienced support staff, and offices on both

---

[23] *FTC v. Actavis*, 570 U.S. 756 (2013).

[24] Additional information on KTMC, its lawyers, and its experience can be found in the attached Exhibit D.

coasts.  This case will also likely involve a substantial financial investment that KTMC is more than able to meet -- we fund our cases and do not rely on litigation funders.

KTMC has considerable experience, including in leadership capacities, in litigating pharmaceutical antitrust and pricing actions.  Examples include:

- *State of Alaska v. Janssen Ortho, LLC*, No. 11-cv-00002 (D. Alaska) (lead counsel);

- *In re Augmentin Antitrust Litig.*, No. 02-cv-442 (E.D. Va.) (co-lead counsel);

- *In re DDAVP Indirect Purchaser Antitrust Litigation*, No. 05 Civ. 2237 (S.D.N.Y.) (co-lead counsel);

- *In re Flonase Antitrust Litig.*, No. 08-cv-3149 (E.D. Pa.) (co-lead counsel);

- *Cleveland Bakers and Teamsters Health and Welfare Fund v. Abbvie Inc.*, No. 19-cv-03168 (N.D. Ill.);

- *In re Insulin Pricing Litigation*, No. 17-699 (D.N.J.) (executive committee member);

- *In re Intuniv Antitrust Litigation*, No 16-cv-12653 (D. Mass.);

- *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472 (D.R.I.) (co-lead counsel);

- *Steve Bullock, Attorney General of the State of Montana, ex rel. The State of Montana v. Astrazeneca Pharm.*, No. CDV-2010-1203 (Mont. 1st Jud. Dist.) (lead counsel);

- *In re Niaspan Antitrust Litigation*, No. 13-MD-2460 (E.D. Pa);

- *Vista Healthplan, Inc. v. Cephalon, Inc.*, No. 06-cv-01833 (E.D. Pa.) (co-lead counsel);

- *In re Ranbaxy Generic Drug Application Antitrust Litigation*, No. 19-MD-02878 (D. Mass.);

- *In re Remeron Antitrust Litig.*, No. 02-cv-2007 (D.N.J.) (co-lead counsel);

- *District 1199 Health and Welfare Plan v. Janssen*, No. 10-cv-02021 (D.N.J.);

- *Mike McGrath, Attorney General of the State of Montana v. Janssen*, No. CDV-2008-164 (Montana 1st Judicial District Ct.) (lead counsel);

- *In re: Metoprolol Succinate End-Payor Antitrust Litigation*, No. 06-cv-71 (D. Del.) (co-lead counsel);

- *Mark L. Shurtleff, Attorney General of the State of Utah, ex rel. The State of Utah v. Janssen Ortho LLC*, No. 10-cv-00519 (D. Utah) (lead counsel);

- *In re Wellbutrin SR Antitrust Litig.*, No. 04-cv-5898 (E.D. Pa.) (co-lead counsel); and

- *In re Zetia (Ezetimibe) Antitrust Litigation*, No. 18-MD-2836 (E.D. Va).

Additional examples of cases where Mr. Meltzer has had a leadership role include:

- *In re Bank of New York Mellon Corp. FOREX Transactions Litig.*, No. 12 MD 2335 (LAK) (S.D.N.Y.) – appointed as co-lead counsel with Lieff Cabraser Heimann & Bernstein, LLP and as a member of plaintiffs' Executive Committee in an action alleging that BNY Mellon secretly manipulated foreign exchange rates charged to its custodial clients. The class represented by Kessler Topaz Meltzer & Check settled claims for $335 million ($500 million including settlements with governmental entities). During the final fairness hearing, Judge Lewis A. Kaplan praised counsel for their "wonderful job" and stated that they deserved a "world of credit" for their efforts.

- *CompSource Oklahoma v. BNY Mellon, N.A.*, No. 08-civ-469 (E.D. Okla.) – served as the lead partner in charge of Kessler Topaz Meltzer & Check in its role as co-lead counsel on behalf of a class of BNY Mellon's securities lending clients. The action settled for $280 million.

- *Board of Trustees of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, No. 09-cv-00686 (SAS) (S.D.N.Y.) – served as the lead partner in charge of Kessler Topaz Meltzer & Check in its role as lead counsel on behalf of a class of JPMorgan's securities lending clients. The action settled for $150 million on the eve of trial.

- *Transatlantic Holdings, Inc.*, *et al. v. Am. Int'l Grp., Inc.*, *et al.,* American Arbitration Association Case No. 50 148 T 00376 10 – served as the lead trial partner in a multiday arbitration proceeding before a retired federal judge resulting in an award of $75 million. The claim alleged that American International Group, Inc. breached its fiduciary and contractual duties and committed fraud in connection with its securities lending program.

## E.   Branstetter Stranch & Jennings, PLLC

Branstetter Stranch & Jennings, PLCC (BSJ) has been appointed to serve as lead counsel and in other leadership roles in numerous complex consumer fraud, antitrust, and other class actions including the following:

- *In re Volkswagen "Clean Diesel"* MDL (PSC member whose work contributed to nationwide class settlements totaling over $15 billion, which is the largest ever consumer class settlement);

- *In re: New England Compounding Pharmacy Product Liability Action*, 1:13-md-02419 (PSC member involved in securing over $210 million in settlement funds from the NECC Bankruptcy Estate and a group of other defendants that resolved claims in the Chapter 11 proceeding and lead on all Tennessee litigation which was resolved prior to the first bellwether trials);

- *Dahl v. Bain Capital Partners*, LLC, No. 07-cv-1238 (Executive Committee and lead on all Tennessee litigation in federal antitrust case challenging bid rigging and market allocation in the private equity/leveraged-buyout industry which reached a $590.5 million settlement with seven defendants just months before trial).

BSJ and Joe P. Leniski Jr. have extensive experience overseeing pharmaceutical antitrust cases on behalf of end-payor purchasers. BSJ, and Mr. Leniski personally, was appointed to serve as Co-Lead Counsel *In re Wellbutrin XL Antitrust Litigation* (E.D. Penn.) (J. McLaughlin). Mr. Leniski led all discovery and expert work for BSJ on behalf of the class. BSJ successfully petitioned for certification of a class of indirect purchasers for a brand and generic version of a pharmaceutical antidepressant, achieved a $12 million settlement for the that class, and received praise from the presiding district court judge for its work.

The Firm also served as Co-Lead Counsel in *In re Prograf*, Case No. 1:2011-md-02242 (D. Mass) (J. Zobel) and *In re: Skelaxin (Metaxalone) Antitrust Litigation*, No. 1:12-cv-194 (E.D. Tenn.) (J. Collier). In *Prograf*, a nationwide antitrust action against Astellas Pharma, Inc., Mr. Leniski led the end-payors' discovery and expert work. The case obtained class certification and survived summary judgment. Prior to trial the parties reached a multi-million dollar settlement. In *Skelaxin*, Mr. Leniski headed all discovery and expert work on behalf of the end-payor class. The case settled on a class-wide basis for over $9 million. BSJ has also served as lead counsel in the antitrust actions *Plumbers & Pipefitters Local 572 Health & Welfare Fund et al. v. Bristol-Myers Squibb Co.* (Davidson County, Tennessee) (J. Shipley), *Sherwood et al. v.*

*Microsoft Corporation* (Davidson Circuit, Tennessee) (Judge Kurtz), and *Lankford v. Dow Chemical et al.*, No. 04-1517 (Davidson Circuit, Tennessee) (Judge Shipley). BSJ has also assumed a leadership role on the executive committees in *In re: Loestrin 24 Fe Antitrust Litigation* (D.R.I.) (J. Smith) and *In re: Lipitor Antitrust Litigation* (D.N.J) (J. Sheridan).

In addition to his work on the cases listed above, Mr. Leniski has been personally appointed Lead or Co-Lead Counsel in several class actions which were brought to successful resolutions, including *In re: Reciprocal of America (ROA) Sales Practices Litigation* (W.D. Tenn.) (J. Breen); *Davis Neurology, P.A. v. Dental Equities LLC, d/b/a Peer United et al.*, (E.D. Ark.) (J. Miller); and *Irika Skeete et al. v. RePublic Schools Nashville*, (M.D. Tenn.) (J. Crenshaw).[25]

### III.   CONCLUSION

For these reasons, and as set forth in the accompanying Proposed Order, the purchasers respectfully request that this Court appoint Thomas Sobol and Lauren Barnes of Hagens Berman Sobol Shapiro LLP, James Dugan of The Dugan Law Firm, Sharon Robertson of Cohen Milstein Sellers & Toll PLLC, Joseph Meltzer of Kessler Topaz Meltzer & Check, LLP, and Joe Leniski of Branstetter, Stranch & Jennings, PLLC, each be appointed as co-lead counsel for the proposed class.[26] The purchasers further propose that Thomas Sobol and Lauren Barnes of Hagens Berman

---

[25] More information about the cases and accomplishments of BSJ can be found in its Firm Resume attached as Exhibit E.

[26] Lead plaintiffs may retain multiple firms as co-lead counsel. *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005); *see also In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186-87 (S.D.N.Y. 2008) (recognizing that appointment of multiple firms as class counsel is appropriate where those firms have expended time and resources identifying and investigating the alleged violations and the class litigation would benefit from the collective resources of those firms).

Sobol Shapiro LLP and Sharon Robertson of Cohen Milstein Sellers & Toll PLLC be appointed as co-chairs of the co-lead counsel committee.

Dated: May 31, 2019                  Respectfully submitted,

/s/William H. Monroe, Jr.
William H. Monroe, Jr. (VSB No. 27441)
Marc C. Greco (VSB No. 41496)
Kip A. Harbison (VSB No. 38648)
Michael A. Glasser (VSB No. 17651)
William D. Moore, III (VSB No. 77097)
Anders T. Sleight (VSB No. 84458)
GLASSER AND GLASSER, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, VA 23510
Telephone: (757) 625-6787
Facsimile: (757) 625-5959
bill@glasserlaw.com
marcg@glasserlaw.com
kip@glasserlaw.com
michael@glasserlaw.com
wmoore@glasserlaw.com
asleight@glasserlaw.com

*Local Counsel for Plaintiffs Louisiana Health
Service & Indemnity Company d/b/a Blue Cross and
Blue Shield of Louisiana, HMO Louisiana, Inc. and
the Proposed Class*

Thomas M. Sobol
Lauren G. Barnes
Gregory T. Arnold
Bradley J. Vettraino
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
lauren@hbsslaw.com
grega@hbsslaw.com
bradleyv@hbsslaw.com

James R. Dugan II (*pro hac vice* forthcoming)
David S. Scalia (*pro hac vice* forthcoming)
THE DUGAN LAW FIRM, LLC
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181
jdugan@dugan-lawfirm.com
dscalia@dugan-lawfirm.com

*Counsel for Plaintiffs Louisiana Health Service &
Indemnity Company d/b/a Blue Cross and Blue Shield
of Louisiana, HMO Louisiana, Inc. and the Proposed
Class*

Allison N. Pham
Jessica Chapman
Charles A. O'Brien
LOUISIANA HEALTH SERVICE & INDEMNITY
COMPANY, D/B/A BLUE CROSS AND BLUE
SHIELD OF
LOUISIANA
5525 Reitz Avenue
P.O. Box 98029
Baton Rouge, LA 70809
Telephone: (225) 295-2199
Facsimile: (225) 297-2760

*Counsel for Plaintiffs Louisiana Health Service &
Indemnity Company d/b/a Blue Cross and Blue Shield
of Louisiana, HMO Louisiana, Inc.*

Sharon K. Robertson (*pro hac vice* forthcoming)
Donna M. Evans (*pro hac vice* forthcoming)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
srobertson@cohenmilstein.com
devans@ cohenmilstein.com

Christopher J. Cormier (*pro hac vice* forthcoming)
BURNS CHAREST LLP

5290 Denver Tech Center Pkwy., Suite 150
Greenwood Village, Colorado 80111
Tel: (720) 630-2092
ccormier@burnscharest.com

Warren T. Burns (*pro hac vice* forthcoming)
Spencer Cox
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75201
Tel: (469) 904-4550
wburns@burnscharest.com
scox@burnscharest.com

Amanda Klevorn (*pro hac vice* forthcoming)
BURNS CHAREST LLP
65 Canal Street, Suite 1170
New Orleans, Louisiana 70130
Tel: (504) 799-2845
lwright@burnscharest.com

*Counsel for Plaintiff the Mayor and City Council of Baltimore and the Proposed Class*

Andre M. Davis (*Pro hac vice* forthcoming)
Suzanne Sangree (*Pro hac vice* forthcoming)
City of Baltimore Department of Law
City Hall, Room 109
100 N. Holiday Street
Baltimore, MD 21202
Telephone: (443) 388-2190
Andre.Davis@baltimorecity.gov
Suzanne.Sangree2@baltimorecity.gov

*Counsel for Plaintiff the Mayor and City Council of Baltimore*

Joseph H. Meltzer
Terence S. Ziegler
Donna Siegel Moffa
KESSLER TOPAZ MELTZER & CHECK LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmeltzer@ktmc.com

tziegler@ktmc.com
dmoffa@ktmc.com

*Counsel for Plaintiff Iron Workers District Council (Philadelphia and Vicinity) Health Benefit Plan and the Proposed Class*

Joe P. Leniski, Jr.
J. Gerard Stranch, IV
James G. Stranch, III
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
joeyl@bsjfirm.com
gerards@bsjfirm.com
jims@bsjfirm.com
*\*Pro hac vice* motions pending

*Counsel for Kentucky Laborers District Council Health and Welfare Fund and the Proposed Class*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 31, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record who have made a formal appearance.

Dated: May 31, 2019                   **/s/ William H. Monroe, Jr.**
                                    William H. Monroe, Jr. (VSB No. 27441)