UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY** et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>**JANSSEN BIOTECH INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT LLC, and BTG INTERNATIONAL LTD.,**<br><br>    Defendants. | Civ. No. 19-14146 (KM) (JBC) |
| **SELF-INSURED SCHOOLS OF CALIFORNIA, on behalf of itself and all others similarly situated,**<br><br>    Plaintiff,<br><br>    v.<br><br>**JANSSEN BIOTECH INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT LLC, JOHNSON & JOHNSON, and BTG INTERNATIONAL LTD.,**<br><br>    Defendant. | Civ. No. 19-14291 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

These are consolidated, antitrust, class-action cases by end-payors of Defendants' drug Zytiga. Counsel for Plaintiffs named in the Consolidated Amended Complaint ("CAC Plaintiffs") in Case No. 19-14146 (hereinafter "*CAC*") moved to appoint interim lead class counsel and proposed a leadership structure. (*CAC* DE 37, 82.) Counsel for Self-Insured Schools of California ("SISC") in Case No. 19-14291 (hereinafter "*SISC*") moved to appoint different

interim lead class counsel and proposed a different leadership structure. (*CAC* DE 117.) For the following reasons, CAC Plaintiffs' motion is **GRANTED**, and SISC's motion is **DENIED**.

## I. BACKGROUND

This litigation began with plaintiff end-payors Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana, and HMO Louisiana, Inc., filing a complaint in the United States District Court for the Eastern District of Virginia. (*CAC* DE 1.) Similar cases on behalf of other end-payor plaintiffs were filed in that district, and the plaintiffs proposed that the cases be consolidated and that interim class counsel be appointed. (DE 35, 37.) That court consolidated the cases and transferred them to this District. (DE 54.) CAC Plaintiffs then renewed their motion for the appointment of class counsel. (DE 82.)

A few days after the transfer, SISC, another end-payor, filed a similar complaint in this court. (*SISC* DE 1.) SISC asked that the cases be consolidated and that it be included in a counsel-leadership structure. (*CAC* DE 92.) The cases were consolidated, and counsel for all plaintiffs were directed to meet and confer on a counsel-leadership structure or otherwise brief the Court on their differing positions. (*SISC* DE 44.) CAC Plaintiffs, representing five of the six total plaintiffs, disagreed with SISC, the sixth plaintiff, on counsel leadership. (*CAC* DE 116–19.) The cases have been stayed pending issues related to the appointment of lead counsel. (DE 107, 135.)

In addition, there is a related case against Defendants brought on behalf of government payors regarding the same drug, *United States ex rel. Silbersher v. Janssen Biotech, Inc.*, No. 19-12107. That case was originally brought by the same counsel as SISC's, although that counsel has since withdrawn from *Silbersher*. Because *Silbersher* relates to the consolidated antitrust cases, it too has been put on hold pending resolution of the leadership issues and recommencement of the antitrust cases, so that discovery and other pretrial

matters can be coordinated to conserve the resources of the Court and the parties. (*Silbersher* DE 106.)[1]

## II. LEGAL STANDARD

Rule 23(g)(1) provides that a court must appoint class counsel when a class action is certified, and Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class" prior to certification. In appointing interim counsel, courts mainly consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class." *In re Insulin Pricing Litig.*, Civ. No. 17-0699, 2017 WL 4122437, at *1 (D.N.J. Sept. 18, 2017). Courts also have "discretion to appoint more than one firm to act as co-lead counsel." *Id.*

## III. DISCUSSION

### A. The Parties' Proposals

CAC Plaintiffs and SISC propose different counsel and leadership structures in connection with the appointment of interim lead counsel.

CAC Plaintiffs essentially propose that representatives from each of the five plaintiffs act as co-lead counsel and that three attorneys co-chair a co-lead counsel committee. That is, CAC Plaintiffs propose that Thomas Sobol and Lauren Barnes of Hagens Berman Sobol Shapiro LLP, James Dugan of The Dugan Law Firm, Sharon Robertson of Cohen Milstein Sellers & Toll PLLC, Joseph Meltzer of Kessler Topaz Meltzer & Check, LLP, and Joe Leniski of Branstetter, Stranch & Jennings, PLLC, each be appointed as co-lead counsel for the proposed class. CAC Plaintiffs further propose that Thomas Sobol, Lauren Barnes, and Sharon Robertson be appointed as co-chairs of the co-lead

---

[1]  Although not relevant to the motions here, there is another related case, *KPH Healthcare Services, Inc. v. Janssen Biotech, Inc.*, Civ. No. 20-05901. That case is brought on behalf of direct purchasers, and I previously appointed interim lead counsel. (*KPH* DE 24.)

counsel committee. Finally, CAC Plaintiffs propose that James E. Cecchi be appointed as interim liaison counsel. (*CAC* DE 38 at 3–4; DE 82 at 1–2.)

SISC asks that its counsel, Joseph Saveri of the Joseph Saveri Law Firm, be appointed as lead or co-lead counsel. SISC asks that Mr. Saveri be appointed with either one or two firms from the CAC Plaintiffs, Hagens Berman Sobol Shapiro and Cohen Milstein Sellers & Toll. But SISC also suggests that Mr. Saveri would be sufficient as sole lead counsel. (DE 117 at 1.) As support, SISC argues that Mr. Saveri is uniquely positioned to serve as lead counsel because he undertook substantial work investigating and commencing the *Silbersher* action, which predates the antitrust actions and has factual and legal overlap. (*Id.* at 2–3.)

### B. Analysis

I conclude that CAC Plaintiffs' proposed counsel and structure would better serve the interests of the proposed class. At the outset, both sets of proposed counsel have shown that they have performed work related to these actions and possess experience, knowledge, and resources. *Insulin Pricing*, 2017 WL 4122437, at *1; DE 38 at 6–18 (detailing CAC Plaintiffs counsel's experience); DE 117 at 6 (detailing Mr. Saveri's experience). Indeed, counsel for CAC Plaintiffs and SISC readily acknowledge each others' base qualifications. Rather, the issue between them boils down to whether Mr. Saveri's experience with *Silbersher* makes him uniquely positioned to lead these cases. I conclude that it does not.

First, courts typically defer to plaintiffs' own agreement for counsel appointment and structure. *Third Circuit Task Force Report on Selection of Class Counsel*, 208 F.R.D. 340, 416 (3d Cir. 2002). Accordingly, when a majority of plaintiffs propose a structure, but one plaintiff disagrees, courts will often give "significant weight" to the consensus view. *Deangelis v. Corzine*, 286 F.R.D. 220, 225 (S.D.N.Y. 2012); *see also In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL No. 1869, 2008 WL 1883447, at *2–3 (D.D.C. Apr. 28, 2008). At bottom, every firm and plaintiff involved in these consolidated actions

supports CAC Plaintiffs' proposal, while Mr. Saveri and SISC are the only holdouts. Moreover, that structure, while multi-firm, represents a diversity of interests and experiences. Unless Mr. Saveri can show that he brings something unique to the table or is "more qualified than any of those [] firms" proposed by CAC Plaintiffs, his views should not prevail over the majority. *Id.*

Mr. Saveri's previous work on the *Silbersher* case, while surely relevant, does not warrant disturbing the counsel structure agreed to by a majority of plaintiffs. Although *Silbersher* and these cases involve the same defendants and drug, a False Claims Act *qui tam* case will involve different legal theories and thereby different facts from an antitrust case. The operative inquiry for counsel appointment here, however, is whether counsel is qualified for the particular claims and law in *this* action. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)–(iii). Indeed, while Mr. Saveri paints a picture of CAC Plaintiffs as dependent on the facts gathered for *Silbersher*, CAC Plaintiffs attest that they drafted their complaint separately. (DE 103-1 ¶¶ 3–9.) Moreover, Mr. Saveri and his firm have long disassociated from *Silbersher*, and most of the firm's work related to the initial investigation. This implies that Mr. Saveri, while highly competent, does not add substantial value to *this* case, in which CAC Plaintiffs are already past the initial investigation stage. All said then, while I do not discount Mr. Saveri's work on *Silbersher*, it is not so significant and relevant as to warrant adding him as lead counsel.

To summarize, CAC Plaintiffs have proposed a structure that has the support of most plaintiffs, and Mr. Saveri has not presented sufficient reason to upend that structure. In fairness to Mr. Saveri, however, I consider whether he should be incorporated into CAC Plaintiffs' proposed structure somehow. Unfortunately, CAC Plaintiffs and Mr. Saveri/SISC have been at loggerheads over leadership issues for well over a year now. Indeed, CAC Plaintiffs have already tallied a list of grievances they have with Mr. Saveri. (DE 116 at 5–6.) I do not assign fault, but as a practical matter it does not seem that Mr. Saveri can be incorporated into the leadership structure without risking dysfunction.

The case needs to move forward, a majority of plaintiffs and counsel agree on the path forward, and minority concerns cannot easily be accommodated. Accordingly, I will approve CAC Plaintiffs' proposal.

## IV. CONCLUSION

For the reasons set forth above, CAC Plaintiffs' motion for appointment of counsel is granted, and SISC's motion is denied.

A separate order will issue.

Dated: February 10, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**

6